UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA LYNN WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br><br>        Defendant.<br>_____ | ) Case No. EDCV 13-00695 MMM(JC)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

     On April 25, 2013, plaintiff Deanna Lynn Wilson, who is proceeding *pro se*, filed a Complaint for Review of Social Security Decision ("Complaint").

     On May 1, 2013, the assigned Magistrate Judge issued a Case Management Order which directed plaintiff, who is proceeding *pro se*, to file a motion for summary judgment or remand within thirty (30) days of service of defendant's Answer. On July 12, 2013, defendant filed and served plaintiff by mail with defendant's Answer. Accordingly, plaintiff's motion for summary judgment or remand was due on August 14, 2013.

     As plaintiff did not file a motion for summary judgment or remand by the foregoing deadline or a request for an extension of time to do so, the Magistrate Judge issued an Order to Show Cause Re Dismissal for Lack of Prosecution

("OSC") on September 9, 2013. The OSC ordered plaintiff to show cause in writing by no later than September 23, 2013, why this action should not be dismissed for lack of prosecution and/or based upon plaintiff's failure to comply with the Case Management Order. The OSC advised plaintiff that if she wished to proceed with this action, she must also file by no later than September 23, 2013, a motion for summary judgment or remand or a request for an extension of time to do so which is supported by good cause. The OSC also expressly cautioned plaintiff that failure to comply with the OSC and to file the above-referenced documents by September 23, 2013, would result in the dismissal of this action based on plaintiff's failure to comply with the court's order and/or failure to prosecute this action.

To date, plaintiff has failed to respond to the OSC and has failed to file a motion for summary judgment or remand or a request for an extension of time to do so.

It is well-established that a district court has authority to dismiss a plaintiff's action because of the plaintiff's failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

This Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal since plaintiff has not responded to the OSC, and has not filed either a motion for summary judgment or remand or a request for

an extension of time to do so. The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as the court has already cautioned plaintiff of the consequences of failing to prosecute this action and afforded her the opportunity to do so, and as plaintiff has not responded, no sanction lesser than dismissal is feasible.

      Accordingly, it is ORDERED that this action be dismissed based upon plaintiff's failure to comply with court orders and failure to prosecute this action, and that judgment be entered accordingly.

      IT IS SO ORDERED.

DATED: October 31, 2013

_____
HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE